# MEMO ENDORSED

*Law Offices of*
## ALEKSANDR VAKAREV
2566 86TH STREET – SUITE 1
BROOKLYN, NY 11214
TEL: (718) 368-0690
TEL: (718) 368-0691
FAX: (718) 368-0692

IN COUNSEL
Harlan Wittenstein, Esq.
Peter Vakarev, Esq.
Mitchell Studley, Esq.
OF COUNSEL
Lana Klein, Esq.
Jack Walisever, Esq.
Dan Masterman, Esq.

OF COUNSEL
Anthony Forzano, Esq.
Thomas V. Incantalupo, Esq.
Clifford H. Shapiro, Esq.
Kenneth Halperin, Esq.
Joseph P. Stoduto, Esq.
John Coville, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/6/22

December 30, 2021

*Via ECF*
The Honorable Barbara Moses
United States Courthouse
Southern District of New York
500 Pearl Street, Courtroom 740
New York, NY 10007

Re:   REYNALDO, v. SUDZINA, et al.
      Index No.: 1:21-cv-03427-LGS

Your Honor:

This office represents the plaintiff in the above-referenced matter. Please permit this letter to serve as plaintiff's request pursuant to Local Civil Rule 37.2 for a pre-motion discovery conference with the Honorable Court.

Briefly, this case pertains to a two-vehicle collision on the Lower-Level of the George Washington Bridge on August 12, 2020 and is currently pending in the Southern District of New York based on diversity jurisdiction.

The issue plaintiff would like to address with the Court is striking portions of defendant's EBT testimony where defense counsel repeatedly asked his client leading questions. It is my position that the leading questions defense counsel asked his client and instructed his client to answer over plaintiff's objections constitute improper coaching and are in violation of Federal Rule of Evidence 611 (c). I earnestly believe that these questions and answers should be struck from the record so they may not be used at trial, in opposition to any summary judgement

motions, or relied upon by any of defense counsel's experts.

On December 27, 2021 at approximately noon, Peter Vakarev, Esq. on behalf of plaintiff and Michael J. Schacher on behalf of defendants had a telephone conference to discuss the above-mentioned discovery issues. The telephone conference lasted approximately ten to twenty minutes and both parties agreed that the raised discovery issues would not be able to be resolved without judicial intervention. Specifically, it was Mr. Schacher's position that the questions asked were not improper and that any application to strike testimony should be made at the time of trial.

Pursuant to Local Civil Rule 37.1 and 5.1, defendant's complete EBT transcript is annexed to this application. Specifically, plaintiff would like to draw the Court's attention to pages 43-57 when in defense counsel conducted an examination of his own client. Some of the most egregious and improper questions are cited below:

Please see testimony from Pg 48 Ln. 8-17 below:
**Questions:** Okay I want to be clear. When was the first time that you saw Plaintiff's vehicle, actually saw him with your eyes, when was the first time that you saw him?
**Answer:** When he was in front of me when I bumped into him.
**Question:** And then cut in front of you, specifically, was he coming from your left side; your driver side?
(Answer was not provided due to objection by plaintiff's counsel)

Please see testimony from Pg 51 Ln. 17-21 below:
**Questions:** Now, when you impacted the Plaintiff's right rear, was that due to the fact that it was coming from your left into your lane, is that why you struck him in the back right?
**Answer** (Over Objection): Yes.

Please see testimony from Pg 45 Ln. 12-16 below:

**Questions:** And your testimony is that you were, let's say hypothetically, if it was four lanes, you were not in the far left lane; is that correct, Kevin?

**Answer** (Over Objection)**:** Yes.

    Based on the above, I respectfully request that an in-person conference be scheduled at the Court's convenience to address these issues. As per, Section 1(d) of the Judges individual part rules a copy of this application with the deposition testimony attached as an exhibit will be sent to chambers via FedEx overnight mail.

Respectfully Submitted,

Peter Vakarev, Esq.

CC:  Michael Schacher

> No conference is necessary. Plaintiff asks that the Court "strike" defendant's responses to certain deposition questions posed by defendant's attorney on the ground that the questions were leading and hence the responses will be inadmissible. Plaintiff may be correct as to admissibility. However, defendant is correct that it would be premature for me to issue an advance ruling as to the admissibility of evidence that has not yet been submitted to the Court, for any purpose, by any party. Decisions as to the admissibility of deposition testimony – including testimony elicited by arguably leading questions – are best made when the testimony is offered.  *See, e.g., McCaffrey v. City of New York*, 2013 WL 494025, at *6-8 (S.D.N.Y. Feb. 7, 2013) (admitting testimony, in part because witness was hostile);  *Newton v. City of New York*, 640 F. Supp. 2d 426, 444 (S.D.N.Y. 2009) (sustaining objection made at deposition and excluding testimony). Moreover, information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). I therefore cannot "strike" evidence from the discovery "record" on admissibility grounds. Consequently, plaintiff's application is DENIED.
>
> _____
> Barbara Moses
> United States Magistrate Judge
> January 6, 2022