MICHAEL J. SCHACHER
MSCHACHER@GORDONREES.COM
914-777-2237





ATTORNEYS AT LAW
500 MAMARONECK AVENUE, SUITE 503
HARRISON, NY 10528
WWW.GRSM.COM

January 4, 2022

**Via CM/ECF & FedEx**
Magistrate Judge Barbara Moses
United States District Court, Southern District
500 Pearl Street, Room 740
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/22

Re:   *Abreu Falette Reynaldo v. Kevin Sudzina, et al.*
      Civil Action No.: 1:21-cv-3427 (BCM)
      Defendants' Letter Motion Requesting for a Pre-Motion Conference

Dear Judge Moses:

As you know, this office represents the defendants in the above-referenced matter. Please allow this letter to serve as the defendants' Letter Motion requesting for a pre-motion conference pertaining to the below issues.

I. Defendants' Request to file a Motion for Sanctions for Plaintiff's Counsel's Improper Conduct during Defendant Kevin Sudzina's Deposition

The defendants' request a pre-motion conference seeking the Court's permission to file a motion under F.R.C.P. 30(c)(2) and 30(d)(2) seeking sanctions against plaintiff's counsel for his improper conduct during the deposition of defendant Kevin Sudzina.

> F.R.C.P. 30(c)(2), "Objections" notes: "An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner…"
>
> F.R.C.P. 30(d)(2), "Sanctions" notes: "The court may impose an appropriate sanction—including the reasonable expenses and

1

>   attorney's fees incurred by any party—on a person who impedes,
>   delays, or frustrates the fair examination of the deponent."

Immediately at the start of defense counsel's questioning of defendant Kevin Sudzina, plaintiff's counsel began to interrupt and impede defense counsel's questioning by making improper speaking objections. (Annexed as **Exhibit "A"** is the deposition transcript of Kevin Sudzina, p. 43-44, ll. 21-10.) In fact, plaintiff's first speaking objection prevented the witness from answering the proposed question. *Id*. Subsequently, plaintiff's counsel interrupted another question and contended defense counsel was "putting words in his [defendant's] mouth…you are testifying for him." (*Id*. at p. 45, ll. 12-20). Defense counsel twice advised plaintiff's counsel that he was not letting him finish his questions, and acting improper under the rules. (*Id*. at p. 44, ll. 6-9; pp. 45-46, ll. 17-16). For the sake of brevity, defendants refer the Court to Mr. Sudzina's annexed transcript for a complete review of the disruptive and improper speaking objections made by plaintiff's counsel, his debating with defense counsel, and defense counsel's responses. (*Id*. at pp. 43-52).

Notwithstanding defense counsel's requests, plaintiff's counsel continued making speaking objections. For example, plaintiff's counsel interjected defense counsel's question arguing that defense counsel could not ask the defendant if there were four (4) lanes in the area of the alleged accident, despite defendant's earlier differing testimony that there were three (3) or four (4) lanes. (*Id.* at pp. 18-20, ll. 25-4; p. 46, ll. 21-19). Thereafter, plaintiff's counsel again cut off defense counsel's question midway, and stated that defense counsel was again "putting words in" the defendant's mouth. (*Id.* at p. 48-49, ll. 23-9). Plaintiff's counsel went on to make nine (9) baseless leading objections during defense counsel's brief questioning of his client.

In *Fashion Exchange LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302 (S.D.N.Y., 2019) this Court held that plaintiff's counsel's improper actions during his client's deposition "by repeatedly making speaking objections, engaging in debates with defendants' counsel about questions…warrant[ed] sanctions, where counsel's conduct unnecessarily extended length of deposition, seriously disrupted defendants' ability to obtain testimony from plaintiff, and required [a] second deposition." *Citing* F.R.C.P. 30(c)(2) and 30(d)(2). Further, the Courts have held that "speaking objections during a deposition are improper because it is not counsel's place to interrupt if a question is perceived to be potentially unclear to the witness. Rather, the witness should make the determination…" *Phillips v. Mfrs. Hanover Tr. Co.*, 1994 WL 116078, at *4 (S.D.N.Y. 1994). "Speaking objections" that cue a witness how to answer (or avoid answering) a question are prohibited. *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, 2013 WL 6439069, at *4 (S.D.N.Y. 2013).

To impose sanctions under F.R.C.P. 30(d)(2), a Court need not find that a party acted in bad faith. *See Sicurelli v. Jeneric/Pentron, Inc.*, 2005 WL 3591701, at *8 (E.D.N.Y. 2005). Rather, the only requirement for sanctions is that the fair examination of the deponent was frustrated, impeded, or delayed. *Id*.; Fed. R. Civ. P. 30(c)(2). The decision to impose sanctions is at the discretion of the court. *Id*. at 8. "The making of an excessive number of unnecessary objections may itself constitute sanctionable conduct." *See Cordero v. City of New York*, 2017 WL 2116699, at *5–6 (E.D.N.Y., 2017); *Citing* Fed. R. Civ. P. 30 advisory committee's note to 1993 amendment.

Not only did plaintiff's counsel disrupt the defendant's deposition with his improper speaking objections, his objections are meritless, as addressed in defendants' response to plaintiff's letter motion seeking to strike defendant's testimony.  Plaintiff's counsel's continuous speaking objections and leading objections were clearly a tactic to disturb the deposition of the defendant and to impede any unfavorable testimony regarding his client's culpability in causing the alleged accident making its way onto the record.  Plaintiff's counsel's continuous interruptions, in an argumentative manner, impeded and frustrated defense counsel's questioning of his client and was improper conduct in violation of F.R.C.P. 30(c)(2), and warrant sanctions under F.R.C.P. 30(d)(2).

II.  <u>Defendants' Right to Inspect Plaintiff's Vehicle</u>

A further discovery issue defendants seek to address with the Court is plaintiff objection to produce plaintiff's vehicle for a vehicle inspection performed by defendants' experts.  It is defendants' position that such an inspection is material and necessary to their defense of this action.  Specifically, defendants' experts have advised that plaintiff's 2019 Toyota Rav 4 has a "black box" or computer chip which the experts can examine.  Per the defendants' experts, the computer chip will allow the defendants' experts to determine the movements and speed of the plaintiff's vehicle at the time of the alleged accident.

Defendants argue that this information is critical in this alleged accident where liability and damages (specifically causation) are contested.  Defendants argue that if such an inspection is not allowed, defendants would be significantly prejudiced in this matter, whereas plaintiff would not be prejudiced in any way.  Further, defendants have agreed to provide their vehicle for an inspection for plaintiff's experts to examine.

Plaintiff's counsel's position is that the damage to the vehicle has already been repaired and at this point in time an inspection of the vehicle will not provide any probative value.  As noted above, defendants understand plaintiff's vehicle has been repaired, nevertheless, the demanded inspection is focused on examining the computer chip in plaintiff's vehicle, not the damage to plaintiff's vehicle.

III.  <u>Plaintiff's Prior Accident and Associated Police Report</u>

In addition, there is an issue related to a prior motor vehicle accident that plaintiff was involved in.  An ISO claims report indicates that plaintiff was involved in a motor accident on March 30, 2018.  Plaintiff's counsel provided an authorization to obtain the claims file from ESIS associated with that prior accident, while indicating that no medical claims file was opened.  The undersigned spoke with an ESIS representative who indicated that plaintiff's prior accident actually occurred on March 30, 2019, not March 30, 2018, and that there is a Police Report associated with that accident, and that only plaintiff or his attorney could obtain the Police Report.

Defendants have demanded a copy of said Police Report from plaintiff's counsel, and counsel has indicated he does not have a copy.  The undersigned has indicated to plaintiff's counsel that ESIS will not provide defendants with said Report, as noted above.  Defendants request a pre-motion conference with the Court to file a motion to compel the March 30, 2019 Police Report from plaintiff, and provided same to the defendants.  It is defendants' contention that the Police Report may indicate plaintiff sustained injuries or complained of injuries at the scene of the

accident.  This is relevant evidence to any prior injuries plaintiff sustained, which he now alleges in the subject accident.

On December 27, 2021, and again on December 30, 2021, Peter Vakarev, Esq. on behalf of plaintiff, and the undersigned on behalf of defendants, had a telephone conferences to discuss the above mentioned discovery issues. During the telephone conferences, both parties agreed that the raised discovery issues would not be able to be resolved without judicial intervention.

Thank you for your courtesy and attention to this matter.

Very truly yours,

Michael J. Schacher (MS-3434)

cc: (via CM/ECF)
Peter Vakarev, Esq.
LAW OFFICES OF ALEKSANDR VAKAREV
Attorneys for Plaintiff
2566 86th Street, Suite 1
Brooklyn, NY 11214

> No conference is necessary.  The Application is GRANTED IN PART and DENIED IN PART.
> 1. No sanctions will be assessed at this time pursuant to Fed. R. Civ. P. 30(d)(2).  Although plaintiff's counsel made several improper speaking objections, defendant's counsel compounded the delay by engaging in extended colloquy over the propriety of the objections.  *See, e.g.*, K. Suzdina Dep. Tr. at 45:16-46:16, 46:21-47:19.  During any future depositions in this action, objections must be stated (a) after the questioning attorney has completed the question; (b) before the witness has answered it; and (c) "concisely in a nonargumentative and nonsuggestive manner."  Fed. R. Civ, P. 30(c)(2). Ordinarily, that requires only a few words. For example, if the basis of the objection is that the question is leading, the objecting attorney may state, "Objection, leading." The questioning attorney may then consider whether to rephrase the question and avoid the risk of exclusion at a later date. It is neither necessary nor appropriate for the objecting attorney to argue the point further by stating, for example, "You are putting words in his mouth. Hypothetically, you are testifying for him." K. Suzdina Dep. Tr. at 45:17-20.
> 2. Plaintiff must produce his Toyota RAV4 for inspection by defendant's expert pursuant to Fed. R. Civ. P. 34(a) on these conditions: (a) the inspection shall be limited to the "black box," as requested; (b) the inspection shall be conducted at a time and place minimally inconvenient for plaintiff; and (c) defendant shall reimburse plaintiff for the cost of a comparable rental vehicle during the period of the inspection.
> 3. Plaintiff need not obtain the police report from the prior accident for purposes of producing it to defendant.  Plaintiff shall, however, reasonably cooperate in defendant's efforts to obtain the police report by, for example, signing any necessary authorization or release prepared by defendant.
>
> SO ORDERED.
>
> _____
> Barbara Moses
> United States Magistrate Judge
> January 11, 2022